UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMAN DAWONE HOLMAN, | No.  2:26-cv-1690 AC P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in a civil rights action pursuant to 42 U.S.C. § 1983.

On May 1, 2026, plaintiff filed a civil rights complaint against defendant California Department of Corrections and Rehabilitation ("CDCR").  ECF No. 1.  From what the court can discern, the complaint alleges that plaintiff's First, Eighth and Fourteenth Amendment rights were violated by CDCR and/or CDCR staff at California Men's Colony ("CMC").[1]  Specifically, the complaint alleges two incidents of excessive force and one rules violation report ("RVR") on April 17, 2019, February 3, 2023, and February 27, 2025.  Id. at 1-3.  The complaint further

---

[1]  The complaint alleges that plaintiff's rights were violated at "CDCR Period," and indicates plaintiff "presently resides as "CDCR Period or P.O. Box-8101, San Luis Obispo, CA, 93409-8101."  Id. at 2.  It is unclear what plaintiff means by "CDCR Period," however, the address corresponds with CDCR's California Men's Colony ("CMC"). Accordingly, the court construes the complaint to allege violations of plaintiff's rights at CMC.

1

alleges these violations are ongoing; that plaintiff has "systemmatic [sic] safety concerns"; that CDCR/CDCR staff is refusing to put plaintiff in Developmental Disability Program ("DDP") status, despite knowing about his special education history; and that CDCR/CDCR staff retaliated against plaintiff by transferring him to Level V 180/270 facilities with violent inmates. Id. at 4. Without naming individual defendants, the complaint alleges that "defendants" used force to maliciously and sadistically cause plaintiff harm. Id. at 5. Plaintiff sues "defendants" in their individual and official capacities and seeks punitive damages. Id.

The federal venue statute states that

> [a] civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue is proper in this court because defendant CDCR is headquartered in Sacramento, which is located in the Sacramento Division of the United States District Court for the Eastern District of California, see E.D. Cal. L.R. 120(d). However, a district court may, on its own motion, "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted); 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ."). In this case, such a transfer appears proper.

The complaint names only CDCR as a defendant. ECF No. 1 at 1, 3. However, as a department of the State of California, CDCR is not a proper defendant in a § 1983 suit. See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[ v. Mich. Dep't of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh

2

Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").

Although plaintiff does not identify other defendants in the caption of his complaint, his factual allegations suggest that he may also be attempting to state claims against individual defendants (e.g. officers, guards, sergeants, staff members, etc.) for their alleged unlawful conduct at CMC. Because CMC is located in San Luis Obispo County, and all of the alleged unlawful conduct presumably occurred in San Luis Obispo County, it is appropriate to transfer this case to the Central District of California. See 28 U.S.C. § 1406(a) (in the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974). Before the court does so, plaintiff will have an opportunity to show cause in writing why this case should not be transferred.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the service of this order, plaintiff may show cause in writing why this case should not be transferred to the United States District Court for the Eastern District of California sitting in Fresno. If plaintiff fails to respond to this order or files a notice consenting to the transfer, the case will be transferred to the United States District Court for the Central District of California.

DATED: May 26, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3